## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| D.V.D., *et al.*,<br><br>Individually and on behalf of all others<br>similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 1:25-cv-10676-BEM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

**INTRODUCTION**

This Court should deny Plaintiffs' Motion for Class Certification (ECF No. 5) ("Mot."). Plaintiffs D.V.D., M.M., E.F.D., and O.C.G. are aliens with final removal orders issued in proceedings under Section 240, 241(a)(5), or 238(b) of the INA, who allege to have been removed or allegedly are at risk of being removed to a country not designated for removal in prior proceedings (a "third" country) without advance notice or opportunity to present a claim of fear of persecution and/or torture to an immigration judge (IJ) prior to removal. ECF No. 5, Mot. at 1. Plaintiffs seek to represent and request that the Court certify the following class and appoint them as class representatives:

> All individuals who have a final removal order issued in proceedings under Section 240, 241(a)(5), or 238(b) of the INA (including withholding-only proceedings) whom DHS has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed.

ECF No. 5, Mot. at 2.

However, Plaintiffs' claims, which seek to prohibit U.S. Immigration and Customs Enforcement ("ICE") from executing valid final orders of removal, are manifestly barred by several jurisdiction stripping provisions. Therefore, this Court should decline to certify a class of aliens whose claims are beyond this Court's jurisdiction. *See* ECF Nos. 31, 38 (arguing that 8 U.S.C. §§ 1252(a)(4), (a)(5), (b)(9), (g), 1231(h), and the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA) bar this Court's review of Plaintiffs' claims).

Additionally, § 1252(f)(1) plainly bars the class-wide relief Plaintiffs seek. As explained by the Supreme Court, "§ 1252(f)(1) generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions." *Garland v. Aleman Gonzalez*, 596 U.S.

1

543, 550 (2022). Those statutory provisions specifically include "implementation and enforcement of the immigration laws governing the ... removal of aliens." *Id.* at 549-50. Thus, classwide injunctions barring the execution of removal orders unless additional conditions are satisfied are precisely what § 1252(f)(1) prohibits, as confirmed by the Supreme Court in *Aleman Gonzalez*.

Moreover, the Court should deny Plaintiffs' motion for class certification because the putative class does not meet the Rule 23 requirements. First, Plaintiffs' putative class lacks commonality and typicality because proposed class members' entitlement to additional procedures prior to third country removal is based on the individual facts and circumstances in their individual cases which cannot be resolved on a classwide basis. For example, Plaintiffs' putative class fails because it includes aliens DHS has already removed, like O.C.G., and for whom this Court cannot issue the relief Plaintiffs seek. Mot. at 2. The putative class also includes aliens who have had their expedited removal orders (pursuant to § 1225(b)(1)) reinstated under § 1231(a)(5). Thus, the Court is prevented pursuant to § 1252(e)(1)(A) from entering declaratory, injunctive, or other equitable relief to those individuals. *Brito v. Garland*, 22 F.4th 240, 251 (1st Cir. 2021) ("Indeed, the preceding subpart in section 1252 prohibits courts from granting 'declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1).'") (quoting 8 U.S.C. § 1252(e)(1)(A)). Second, the named Plaintiffs cannot adequately represent the interests of the proposed class for the same reasons they cannot establish commonality or typicality, because their claims and interests are not aligned with those of the proposed class members.

Finally, Plaintiffs cannot meet the requirements for certification of a Rule 23(b)(2) class because there are no procedures under the Due Process Clause to which the entire putative class is entitled. As the First Circuit has noted, no precedent "supports using a properly certified class as

a bootstrap to then adjudicate, on a classwide basis, claims that hinge on the individual circumstances of each class member." *Reid v. Donelan,* 17 F.4th 1, 11 (1st Cir. 2021). Therefore, for all of these reasons, the Court should deny Plaintiffs' motion for class certification.

## FACTUAL AND PROCEDURAL HISTORY

Defendants incorporate by reference the statement of facts in their opposition to Plaintiffs' motion for a preliminary injunction. *See* ECF No. 31 at 2-4. On March 23, 2025, Plaintiffs filed their Complaint (ECF No. 1), Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Stay of Administrative Action (ECF No. 7) ("Emergency Motion"), and the instant Motion for Class Certification, (ECF No. 5). On March 25, 2025, Defendants filed their Opposition to Plaintiff's Emergency Motion (ECF No. 31). This Court held a hearing on the Emergency Motion on March 28, 2025. That day, the Court issued an Order granting, in part, the Emergency Motion (ECF No. 34). Hours later, Defendants filed a Notice of Appeal to the U.S. Court of Appeals for the First Circuit (ECF No. 35) along with a Motion for Partial Stay of the Temporary Restraining Order (ECF No. 38). On March 30, 2025, the Department of Homeland Security (DHS) issued new guidance regarding DHS's removal of aliens with final orders of removal pursuant to INA §§ 240, 241(a)(5), or 238(b) to a third country (ECF No. 43-1). Based on this guidance, Defendants filed their Motion for an Indicative Ruling Under Federal Rule of Civil Procedure 62.1 (ECF No. 43).

The DHS guidance provides that, before an alien's removal to a country that had not been designated as the country of removal in prior proceedings, DHS must determine whether that third country has provided diplomatic assurances that aliens removed from the United States to that country will not be persecuted or tortured. *See* ECF No. 43-1 at 1. If the United States has received

3

such assurances, and if the U.S. Department of State (DOS) believes those assurances to be credible, the alien may be removed without the need for further procedures. *Id.* at 1-2.

If the United States has not received those assurances, or if the DOS does not believe them to be credible, DHS will provide the alien with notice of removal to the third country. If an alien asserts a fear of removal to that third country, U.S. Citizenship and Immigration Services (USCIS) will screen the alien for eligibility for protection under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture (CAT) for the country of removal. *Id.* at 2. Then, "USCIS will determine whether the alien would more likely than not be persecuted on a statutorily protected ground or tortured in the country of removal." *Id.* "If USCIS determines that the alien has met this standard and the alien was not previously in proceedings before the Immigration Court, USCIS will refer the matter to the Immigration Court in the first instance." *Id.* "In cases where the alien was previously in proceedings before the Immigration Court," U.S. Immigration and Customs Enforcement (ICE), Office of the Principal Legal Advisor (OPLA) "may file a motion to reopen with the Immigration Court or Board of Immigration Appeals, as appropriate, for further proceedings for the sole purpose of determining eligibility for protection under [8 U.S.C. § 1231(b)(3)] and CAT for the country of removal. Alternatively, ICE may choose to designate another country for removal." *Id.*

## LEGAL BACKGROUND

The legal background relevant to this opposition is described in Defendants' Opposition to Plaintiffs' Emergency Motion (ECF No. 31) and Defendants incorporate it by reference here.

## ARGUMENT

**I.    This Court Should Decline to Certify a Class of Aliens Raising Claims Over Which It Lacks Jurisdiction.**

As a threshold matter, this Court should deny Plaintiffs' motion for class certification because it lacks subject matter jurisdiction over the named Plaintiffs' claims. *See* ECF Nos. 31, 38

(arguing that 8 U.S.C. §§ 1252(a)(4), (a)(5), (b)(9), (g), 1231(h), and the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA) bar this Court's review of Plaintiffs' claims). Plaintiffs cannot "dodge the channeling machinery of [the provisions of § 1252] simply by draping individual claims in the mantle of a class action" and "courts must always be wary of strategic behavior designed to sidestep exhaustion requirements." *Aguilar v. ICE,* 510 F.3d 1, 16 (1st Cir. 2007). If Plaintiffs' claims were brought individually, they would be barred. So too, should their class claims be barred. *See Cruz v. Farquharson,* 252 F.3d 530, 533 (1st Cir. 2001) ("Despite the fact that a case is brought as a putative class action, it ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved.").[1]

## II.    Provisional Class Certification Is Inappropriate.

Plaintiffs ask the Court for a "provisional" class certification, ECF No. 7 at 19-20, but the FRCP removed authority for conditional class certification over a decade ago. Courts generally reject certification of a class before the thorough Rule 23 class certification is undertaken. *See Berge v. United States*, 949 F. Supp. 2d 36, 49 (D.D.C. 2013) (citing Fed. R. Civ. P. 23 Advisory Committee Notes 2003 Amendments) ("The provision that a class certification 'may be conditional' is deleted. A court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met."). Even those courts that permit provisional certification require that a plaintiff satisfy all the requirements of class certification under Rule 23. *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 179–80 (D.D.C. 2015) (citing *Berge*, 949 F. Supp. 2d at

---

[1] *See also Boulware v. Crossland Mortg. Corp.*, 291 F.3d 261, 268 n.4 (4th Cir. 2002) (affirming dismissal of complaint and denial of class certification because plaintiff "failed to state a claim as the purported named plaintiff, and because all other similarly situated plaintiffs would likewise fail to state a claim").

49). Moreover, the Supreme Court has made clear that a class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," and "actual, not presumed, conformance with Rule 23(a) remains . . . indispensable." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982). Therefore, this Court should decline to assign any weight to Plaintiffs' request for "provisional" class certification and consider Plaintiffs' motion as one to certify a class under the rigorous standard set by Rule 23.

III.    **Section 1252(f)(1) Strips this Court of Jurisdiction to Enjoin or Restrain the Operation of Section 1231 on a Classwide Basis.**

Section 1252(f)(1) precludes Petitioners' classwide claims for injunctive and corresponding declaratory relief. *See generally Jennings v. Rodriguez*, 583 U.S. 281, 313 (2018). Section 1252(f)(1) states:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of [8 U.S.C. §§ 1221–1231, 1252, 1253, and 1254a], other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

8 U.S.C. § 1252(f)(1); *see* INA § 242(f)(1), as amended through Pub. L. 119-1 (Jan. 29, 2025), www.govinfo.gov/app/details/COMPS-1376; *cf. Galvez v. Jaddou,* 52 F.4th 821, 830 (9th Cir. 2022). Interpreting this statute in *Reno v. American-Arab Anti-Discrimination Comm.* ("*AADC*"), 525 U.S. 471, 482 (1999), the Supreme Court held that, "[b]y its plain terms, and even by its title, that provision is nothing more or less than a limit on injunctive relief. It prohibits federal courts from granting class-wide injunctive relief against the operation of §§ 1221-1231, but specifies that this ban does not extend to individual cases." 525 U.S. at 481-82. Thus, § 1252(f)(1) "unambiguously strips federal courts of jurisdiction to enter class-wide injunctive relief for" Plaintiffs' claims. *Hamama v. Adducci*, 912 F.3d 869, 877 (6th Cir. 2018). Moreover, in *Aleman*

*Gonzalez*, the Supreme Court again reiterated that "§ 1252(f)(1) generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions." 596 U.S. at 550. Accordingly, § 1252(f)(1) bars this Court from granting Plaintiffs' request to certify a class in their action to enjoin the operation of § 1231, which is the statutory provision authorizing detention and removal of aliens with final orders of removal.

Plaintiffs attempt to make an end run around this jurisdictional bar by arguing that § 1252(f)(1) does not apply because "the [Convention Against Torture] CAT Statute is a totally separate statute from the Immigration and Nationality Act." TRO Hr'g Tr. at 64. That argument lacks merit, as §1252 itself is subject to the bar in § 1252(f)(1), and §1252(a)(4) specifically addresses judicial review of CAT claims, making clear that classwide injunctive relief is prohibited in such review. But the Supreme Court in *Aleman Gonzalez* specifically agreed with the Government's position that "the 'operation of the provisions' [in § 1252(f)(1)] is a reference 'not just to the statute itself *but to the way that it is being carried out.*'" 596 U.S. at 550 (emphasis added) (alteration omitted). Although Plaintiffs invoke the CAT statute in FARRA, their fundamental objections are to how *removal* operations under § 1231 are being "carried out"— and are thus equally barred by § 1252(f)(1). Indeed, it is well-established that a court "must look through such easy evasions as creative labeling and consider the fundamental nature of the claims asserted." *Aguilar,* 510 F.3d at 17. And a "party may not expand a court's jurisdiction by creative pleading." *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006); *see also Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951). As *Aleman Gonzalez* makes clear, it is the effect on the government's *operation* of the covered provisions that matters, not the plaintiffs' framing of their claim. 596 U.S. at 552-54. The fundamental nature of Plaintiffs' claims

is to enjoin the operation of § 1231 by asking the Court to compel the Government to "to take actions [it believes] are not required by" and "to refrain from actions [it believes] are allowed by" § 1231. *Aleman Gonzalez*, 596 U.S. at 551. This is the exact type of injunctive relief *Aleman Gonzalez* held is barred by Section 1252(f)(1). *Id.* (barring injunctions that required bond hearings for all class members because injunctions "enjoin[ed] or restrain[ed] the operation" of § 1231(a)(6)); *see also Hamama*, 912 F.3d at 878–79 (finding court does not have jurisdiction under § 1252(f)(1) to issue class-based injunctive relief against the removal and detention statutes) (collecting cases).

Further, Section 1252(f)(1)'s prohibition on injunctive relief applies with equal force to any corresponding declaratory relief. *See Jennings,* 583 U.S. at 313. Rule 23(b) allows certification of classes that seek "final injunctive relief or *corresponding* declaratory relief." Fed. R. Civ. P. 23(b) (emphasis added).[2] The Advisory Committee defines "corresponding declaratory relief" as any remedy that "as a practical matter . . . affords injunctive relief or serves as a basis for later injunctive relief." Fed. R. Civ. P. 23(b)(2) Advisory Committee Note to 1996 Amendment; 7AA Fed. Prac. & Proc. Civ. § 1775 (3d ed.). The Advisory Committee's definition makes clear that the purpose of the Rule 23(b)(2) class was to enjoin certain action or inaction on a classwide basis and that any declaratory relief issued to a 23(b)(2) class should be equivalent to an injunction. *See id.*; *see also Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.,* 98 F.R.D. 254, 271 (D. Del. 1983) (refusing to certify a Rule 23(b)(2) class where "determination of these issues would not result in corresponding declaratory relief that would have the effect of enjoining the defendant from acting in the future"). Because Rule 23(b)(2) only allows declaratory relief that has the same

---

[2] Defendants maintain that because Plaintiffs seek to certify a class under Rule 23(b)(2), Section 1252(f)(1) applies to both injunctive relief and the *corresponding* declaratory relief.

practical effect as an injunction, and section 1252(f)(1) bars classwide injunctive relief, Petitioners cannot obtain either injunctive or declaratory relief. *See Jennings*, 583 U.S. at 313 (citing Rule 23(b)(2), which requires "that final injunctive relief or *corresponding* declaratory relief [be] appropriate respecting the class as a whole") (suggesting Section 1252(f)(1)'s prohibition on classwide injunctive relief would also prohibit any *corresponding* declaratory relief by stating "if the Court of Appeals concludes that it may issue only declaratory relief, then the Court of Appeals should decide whether that remedy can sustain the class on its own"). Indeed, section 1252(f)(1) would have no practical effect if it were only applied to Plaintiffs' requested injunctive relief. Consequently, Section 1252(f)(1) bars Plaintiffs' requested injunctive and declaratory relief.

## IV.     Plaintiffs' Proposed Class Fails to Meet the Requirements of Rule 23.

The class action proponent must satisfy Federal Rules of Civil Procedure 23(a) and 23(b). *Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 38 (1st Cir. 2003). Plaintiffs must first show that the four requirements listed in Rule 23(a) have been satisfied – namely: (1) a class so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representatives will adequately protect the class (adequacy). Fed. R. Civ. P. 23(a)(1)-(4); *see also Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). These four requirements, the Supreme Court underscored, "effectively limit the class claims to those fairly encompassed by the named plaintiff's class." *Wal–Mart*, 564 U.S. at 349 (internal quotation and citation omitted). Further, even if Plaintiffs can satisfy Rule 23(a), they still must show that the claim comes within one of the three types of class actions permitted by Rule 23(b)(1), (2) or (3). *See* Fed. R. Civ. P. 23(b); *see also Smilow*, 323 F.3d at 38.

The class proponent has the burden of proof. *See Smilow*, 323 F.3d at 38. And the district court must undertake "rigorous analysis" to determine if the Rule 23 requirements have been met. *See Wal–Mart*, 564 U.S. at 350-51; *see also Gen Tel. Co. of the Sw.*, 457 U.S. at 160-61 ; *Smilow*, 323 F.3d at 38. This analysis entails "some overlap with the merits of the plaintiff's underlying claim." *See Wal–Mart*, 564 U.S. at 351. Even where the class certification requirements are met, the court has broad discretion to deny. *Id*.

### A.      Plaintiffs fail to establish commonality.

The "commonality" requirement mandates that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). However, the proposed class's "claims must depend upon a common contention." *Wal–Mart*, 564 U.S. at 350. Moreover, "[t]hat common contention . . . must be of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. Although for purposes of Rule 23(a)(2) even a single common question will do, "[w]hat matters to class certification . . . is not the raising of common questions—even in droves— but, rather the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id*. (citation omitted).

Here, Plaintiffs' proposed class is overly broad.  Plaintiffs' putative class includes "All individuals who have a final removal order issued in proceedings under [8 U.S.C. §§ 1229a, 1231(a)(5), 1228(b)] . . . whom DHS has deported . . . after February 18, 2025." ECF No. 5, Mot. at 2. But this Court cannot grant the relief that Plaintiffs' request to individuals already removed because this Court lacks jurisdiction to order their return under section 1252(g) and over their claims seeking additional procedures prior to their removal to a third country became moot upon

their removal. *See Gicharu v. Moniz*, No. CV 23-11672-MJJ, 2023 WL 5833115, at *1 (D. Mass. Sept. 8, 2023), *aff'd*, No. 23-1818, 2024 WL 4493395 (1st Cir. May 8, 2024), *cert. denied*, No. 24-445, 2024 WL 5112311 (U.S. Dec. 16, 2024).

Additionally, Plaintiffs' proposed class includes individuals who have reinstated expedited orders of removal under § 1231(a)(5), and therefore 8 U.S.C. § 1252(e)(1)(A) prevents this Court from entering declaratory, injunctive, or other equitable relief to those individuals. *Brito*, 22 F.4th at 251 ("Indeed, the preceding subpart in section 1252 prohibits courts from granting declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1))[.]" (quoting § 1252(e)(1)(A)) (internal quotations marks omitted)); *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d at 1137 (9th Cir. 2008) (8 U.S.C. § 1252(e) limits the court's "review to the three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the petitioner re-entered illegally.") ( citation omitted).

Moreover, Plaintiffs cannot satisfy the commonality requirement because there are clear dissimilarities between the proposed class and its proposed representatives. The proposed class includes aliens who have a final order of removal issued in proceedings under Section 240, 241(a)(5), or 238(b) of the INA, and who have been or will be removed on or after February 18, 2025, to a third country that was not previously designated in writing in the prior removal proceedings. ECF No. 5 at 2. But, none of the named Plaintiffs have demonstrated that they will be deprived of "any notice or opportunity to present a fear-based claim prior to deportation to a third country." ECF No. 7 at 14. Plaintiff O.C.G. was notified of DHS's intent to remove him to a third country and had the opportunity to assert a fear-based claim. ECF No. 31-1. Plaintiffs E.F.D.

and M.M. have the opportunity to seek to reopen their immigration proceedings in order to assert a fear-based claim. They do not allege that they have done so. Accordingly, the basic requirements of notice and an opportunity to raise a fear-based claim have been satisfied with respect to these three named Plaintiffs. Moreover, DHS has neither re-detained Plaintiff D.V.D. nor indicated that it will seek to remove him to Cuba or any other country. Therefore, his claim that he will be removed to a third country without notice or an opportunity to present a fear-based claim is purely speculative at this time and not ripe for judicial review. *See Texas v. United States*, 523 U.S. 296, 300 (1998) (a "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all" (cleaned up)).

Plaintiffs also fail to establish commonality because their claims cannot be answered on a common basis as the three removal statutes identified in the putative class afford aliens different processes and pathways for relief. For example, putative class members ordered removed in removal proceedings under 8 U.S.C. § 1229a (INA § 240) have access to broader review through the administrative process than putative class members whose removal orders were reinstated under section 1231(a)(5) (INA § 241(a)(5)). *See* 8 U.S.C. § 1231(a)(5) (providing that the "prior order of removal is reinstated from its original date and is *not subject to being reopened or reviewed* . . . and the alien shall be removed under the prior order at any time after entry" (emphasis added)); *see, e.g., Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 354-55 (5th Cir. 2018). Different still, putative class members who have received orders of removal under section 1228(b) (INA §238(b)) are ineligible for "any relief from removal that the Attorney General may grant in the Attorney General's discretion." 8 U.S.C. § 1228(b)(5).

Plaintiffs' cited case law does not bolster their claim that there is a common question for all proposed class members. ECF No. 5 at 14. Three of the cases cited by Plaintiffs dealt with

conditions at a detention facility shared by all proposed class members. *Id.* (citing *Gomes v. Dep't of Homeland Sec.*, 561 F. Supp. 3d 93, 100 (D.N.H. 2021) (addressing "conditions of confinement shared by all civil immigration detainees at the [same] facility"); *Savino v. Souza*, 453 F. Supp. 3d 441 (D. Mass. 2020) (involving conditions shared by all immigration detainees at one facility— risk of exposure to Covid 19); *Quadrelli v. Moniz*, No. 20-CV-10685-ADB, 2020 WL 3051778, at *5 (D. Mass. June 8, 2020) (same). Plaintiffs also rely upon *Brito v. Barr*, a case that was later modified and then affirmed in part and vacated in part. ECF No. 5 at 14, citing *Brito v. Barr*, 395 F. Supp. 3d 135, 147–48 (D. Mass.), *modified*, 415 F. Supp. 3d 258 (D. Mass. 2019), *aff'd in part, vacated in part, remanded sub nom. Brito v. Garland*, 22 F.4th 240 (1st Cir. 2021). The class in *Brito* differed from the putative class here in that it was much narrower and only applied to aliens detained pursuant to § 1226(a). Regardless, *Brito*'s reasoning is completely undermined by the First Circuit's decision in *Reid*, in which the Court held that constitutional challenges to immigration detention could not be resolved on a classwide basis. *Reid*, 17 F.4th at 9.

The only putatively common allegation here is that class members "have all suffered a violation of the same provision of law"—namely, the Due Process Clause—which is insufficient to satisfy commonality. *Wal-Mart*, 564 U.S. at 350. The allegation is particularly deficient because "due process is flexible and calls for such procedural protections as the particular situation demands." *Matthews v. Eldridge*, 424 U.S. 319, 321 (1976); *Jennings*, 583 U.S. at 314 (a class action may not be the proper vehicle to resolve Due Process claims because of the flexibility inherent in a Due Process analysis). Plaintiffs' proposed class involves many more dissimilarities than the cases they cite where all class members were identically situated in one physical location and subject to the same conditions. Because due process is a flexible concept, these dissimilarities would require this Court to delve into the specific facts of each alien's case, thereby rendering it

13

impossible to dispose of the classwide claims in an efficient manner. Accordingly, Petitioners' proposed class does not meet the commonality requirement under Rule 23(a)(2).

### B.    Plaintiffs fail to establish typicality.

Plaintiffs also fail to demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement of Rule 23(a)(3) "derives its independent legal significance from its ability to screen out class actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present." *Marcus*, 687 F.3d at 598. Thus, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class member." *Gen. Tel. Co. of the Sw.*, 457 U.S. at 156.

The proposed class lacks typicality for the same reasons it lacks commonality. Further, the class representatives are *not* part of the proposed class and do *not* possess the same interest or suffer the same injury as the proposed class members because they cannot demonstrate they will be removed absent any notice or opportunity to assert a fear-based claim. O.C.G. was given notice of removal to Mexico and did not voice a fear. *See* ECF No. 31, Ex. A at ¶¶ 12-14. The remaining plaintiffs have not been removed to a third country, and present only speculative claims that a decision to do so has been made. In an attempt to meet the typicality requirement, Plaintiffs describe their proposed class more broadly to include "being subject to, or *at risk of being subject to* re-detention pursuant to the February 18, 2025 directive and/or being subject to, or *at risk of being subject to*, DHS' policy or practice of failing to provide meaningful notice and opportunity to contest deportation to a third country before an IJ due to fear of persecution and/or torture." ECF No. 5 at 16 (emphasis added). This restated description of the proposed class broadens the

class definition such that it could and would apply to any alien with a final order of removal under the three named removal statutes regardless of what procedures DHS applied to their removal to a third country. This Court should reject Plaintiffs' attempt to meet typicality by expanding the description of their class.

     **C.**     **Plaintiffs fail to establish adequacy.**

The disposition of the commonality question can, at times, resolve the question of whether Plaintiffs have satisfied the typicality and adequate-representation requirements of Rule 23(a). *Wal-Mart*, 564 U.S. at 350, n.5. Overall "[t]he commonality and typicality requirements of Rule 23(a) tend to merge [and] serve as guideposts for determining . . . whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* Therefore, Plaintiffs fail to meet the adequacy requirement for the same reasons Plaintiffs fail to meet the commonality and typicality requirements of Rule 23(a). The named Plaintiffs cannot claim injuries similar to the proposed class because none of the named Plaintiffs have been removed to a third country without notice and an opportunity assert a fear-based claim and it is purely speculative whether those who remain in the United States will ever experience such injury. Indeed, the Supreme Court has held that a class containing members who have suffered an illness as well as those merely at risk of suffering the illness does not satisfy the adequacy requirement. *Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591, 626-627 (1997). Yet that is precisely how Plaintiffs themselves describe the proposed class here. See ECF No. 5 at 16 (class includes those "subject to, or at risk of being subject to" challenged procedures).

**D.      Rule 23(b)(2) Precludes Plaintiffs' Proposed Class.**

Even if a class proponent can satisfy Rule 23(a), he must still show that his claim comes within one of the three types of class actions permitted by Rule 23(b)(1), (2), or (3). *See* Fed. R. Civ. P. 23(b); *see also Smilow*, 323 F.3d at 28. Here, Plaintiffs argue that they have satisfied Rule 23(b)(2). Mot. at 18-19. Rule 23(b)(2) provides that a class action can be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores Inc.,* 564 U.S. at 360 (internal quotations and citation omitted). "It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Id.*

Plaintiffs argue that they have satisfied Rule 23(b)(2), because "DHS has subjected or will subject all class members to the same policy or practice of refusing to provide meaningful notice and an opportunity to present a fear-based claim before deportation to a third country and/or re-detention to carry out a third country deportation without a lawful mechanism to ensure these protections." Mot. at 19. Yet, they have failed to establish that even the named Plaintiffs have been subjected to such a policy. Again, Plaintiff O.C.G. was notified of DHS's intent to remove him to a third country and had the opportunity to assert a fear-based claim. Plaintiffs E.F.D. and M.M. may still seek to reopen their immigration proceedings and assert a fear-based claim. Thus, the requirements for notice and an opportunity to assert a fear-based claim have been satisfied with respect to these three named Plaintiffs. Moreover, DHS has not re-detained Plaintiffs D.V.D. or

16

M.M., nor indicated that it will seek to remove them to a third country. Therefore, their claims are speculative and unripe. *Texas*, 523 U.S. at 300.

Moreover, the putative class members' claims cannot be answered on a common basis. *See Jennings*, 583 U.S. at 313–14 ("[I]t may no longer be true that the complained of 'conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'") (citation omitted). To the extent Plaintiffs are entitled to some additional procedures under the Due Process Clause, those procedures would be different for each alien depending on the underlying facts and circumstances of their case because—as the Supreme Court has "stressed repeatedly"—"due process is flexible," and it "calls for such procedural protections as the particular situation demands." *Jennings*, 583 U.S. at 314 (quoting *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972) and citing *Landon v. Plasencia,* 459 U.S. 21, 34 (1982)); *see also Vallario v. Vandehey,* 554 F.3d 129, 1268 (10th Cir. 2009) ("Under Rule 23(b)(2), the injuries sustained by the class must be sufficiently similar that they can be addressed in a single injunction that *need not differentiate* between class members." (emphasis added) (citation omitted)). "A class consisting of some members who might be entitled to [relief] and others who are not lacks sufficient cohesiveness to obtain relief . . . under Rule 23(b)(2)." *Reid,* 17 F.4th at 11 (holding that a class of aliens seeking relief from mandatory detention in § 1226(c) could not be sustained under Rule 23(b)(2) because they were not all entitled to the same procedures). Although "having clear standards" with regard to third country removals may "make life simpler for all involved," a Rule 23(b)(2) class action seeking additional procedures under the Due Process Clause "does not provide a vehicle for preemptively announcing such rules." *Id.* at 12. Instead, standards should arise in the form of agency guidance or regulations or through "common law rules of precedential

force, through case-by-case adjudication." *Id.* Under these circumstances, Petitioners cannot demonstrate that certification under Rule 23(b)(2) is proper.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should deny Plaintiffs' Motion for Class Certification.

Respectfully submitted,

|  |  |
|---|---|
| YAAKOV M. ROTH | /s/*Mary L. Larakers* |
| Acting Assistant Attorney General | MARY L. LARAKERS |
|  | Senior Litigation Counsel |
|  | U.S. Department of Justice, Civil Division |
| EREZ REUVENI | Office of Immigration Litigation |
| Acting Deputy Director | P.O. Box 868, Ben Franklin Station |
|  | Washington, DC 20044 |
| ELIANIS N. PEREZ | (202) 353-4419 |
| Assistant Director | (202) 305-7000 (facsimile) |
|  | mary.l.larakers@usdoj.gov |

18

## <u>CERTIFICATE OF SERVICE</u>

I, Mary Larakers, Senior Litigation Counsel, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

<u>/s/ *Mary L. Larakers*</u>
Mary Larakers
Dated: April 4, 2025                            Senior Litigation Counsel

2